UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Jerrie White,

        Plaintiff,

—v—

The Bridge Inc.,

        Defendant.

18-cv-1689 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brings suit against her former employer, Defendant, alleging discrimination based on age, disability, and sex, under federal, state, and local law, as well as interference with her leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.* Defendant moves to dismiss Plaintiff's claims under the Equal Pay Act ("EPA"), 29 U.S.C. 206, *et seq.*, all of Plaintiff's age-related claims, and Plaintiff's FMLA claims. For the reasons given below, Defendant's motion is GRANTED in part and DENIED in part.

I. BACKGROUND

The following facts are drawn from the allegations in Plaintiff's Second Amended Complaint (the "Complaint"), which are taken as true at this stage of the litigation, as well exhibits attached to the Complaint and documents incorporated by reference. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (in resolving a motion to dismiss under Rule 12(b)(6), review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference"). Plaintiff is a 51-year-old woman and Bronx resident. Compl.

1

¶ 5. Defendant is an organization that provides a number of services to vulnerable New Yorkers, including mental health and substance abuse treatment. Compl. ¶ 7.

### A. Vehicle Accident and Plaintiff's Injuries

Plaintiff began working at The Bridge in 2013. Compl. ¶ 17. Her job involved driving Defendant's vehicles to transport clients. *Id.* On January 17, 2014, Plaintiff was involved in a motor vehicle accident in which the car caught fire. Compl. ¶ 23. Plaintiff sustained permanent injuries as a result of the accident. Compl. ¶ 25. Following the accident, Plaintiff was intermittently on disability leave. Compl. ¶ 26.

### B. Plaintiff's Age and Gender Discrimination Claims

Plaintiff alleges that she requested a raise in January 2016. Compl. ¶ 48. Defendant denied this increase on the grounds "that she was not actually a social worker, but was a case manager and did not have the credentials to be a social worker." Compl. ¶ 50. Plaintiff alleges, however, that she was "originally hired as a social worker" and demoted without notification. Compl. ¶ 51. Defendant justified its decision on the grounds that Plaintiff "d[id] not have any of the required credentials . . . to be classified as 'professional staff,'" because while she "d[id] have a master's degree in mental health counseling, a license in mental health counseling is needed to qualify as professional staff." Compl. ¶ 52.

Plaintiff alleges that she was treated differently than other employees and points to three specific former co-workers: a male co-worker, Rascover, who earned $5,000 a year more than she "for the same work and experience"; a male co-worker, Albright, who made more than Plaintiff despite having "less experience and education" and having been hired more recently; and Luann, who was "hired as a mental health counselor without a limited permit but only a master's degree in mental health counseling." Compl. ¶¶ 44-46, 53. The complaint is devoid of

2

any allegations regarding the ages of Rascover, Albright, and Luann. Compl. ¶¶ 44-47, 53. Finally, Plaintiff alleges that "many of The Bridge's new hires in 2015-2017 were in their mid-twenties to early thirties" and that after her termination from the Bridge, "she was replaced by employees significantly younger than her." Compl. ¶¶ 71, 73.

On February 19, 2016, Plaintiff filed a complaint with the New York State Division of Human Rights alleging discrimination on the basis of race and gender. Compl. ¶ 56. Plaintiff's complaint to the Division of Human Rights is mentioned in her Complaint, as are the facts that formed the basis of that complaint, and neither party disputes that it is incorporated by reference. Dkt. No. 24-1. On August 15, 2016, the Division of Human Rights determined that there was no probable cause that Defendant had engaged in or was engaging in the alleged discrimination. *See* Dkt. No. 24-2. This determination is not referenced in or attached to Plaintiff's Complaint; it appears only in a declaration filed by Defendant. *Id.*

### C. Plaintiff's FMLA Claims

Plaintiff also brings claims for interference and discrimination under the FMLA. Plaintiff was intermittently on "non FMLA work injury disability leave," including from April 2015 to September 2015. Compl. ¶¶ 26, 42-43. She then "applied for FMLA benefits sometime in 2016." Compl. ¶ 66. Plaintiff began another period of "non-FMLA leave" in April of 2016. *Id.* ¶ 60. On December 14, 2016, Plaintiff received a letter from Human Resources "that stated as a follow up to the FMLA Designation Notice dated March 15, 2016, informing Plaintiff that her request for leave under the FMLA was not approved." Compl. ¶ 66. The December letter and the March Designation notice are mentioned expressly in the Complaint, their contents are described, and Plaintiff does not challenge that they are incorporated by reference. Compl. ¶ 66. Subsequently, on April 18, 2017, Defendant informed Plaintiff that she would be terminated if

she did not return to work. Compl. ¶ 68. After Plaintiff informed Defendant that she was still receiving treatment for her disability, she was terminated on April 25, 2017. Compl. ¶¶ 69-70. Plaintiff does not allege whether or not she returned to work between the time she began her non-FMLA leave in April of 2016 and her termination in April of 2017.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim achieves "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and if plaintiffs cannot "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed," *Twombly*, 550 U.S. at 570. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). When considering a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the [factual] allegations contained in [the] complaint[.]" *Iqbal*, 556 U.S. at 678. However, the court should not accept legal conclusions as true: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's EPA claim, her age discrimination claims, and her

FMLA claims. The Court addresses each in turn.

### A. Defendant's Motion to Dismiss Plaintiff's EPA Claim is Denied

Plaintiff's EPA claim alleges that she was discriminated against by being paid less than similarly-situated male colleagues based on her gender. Compl. ¶¶ 95-104. Defendant moves to dismiss Plaintiff's claim under the EPA and argues that Plaintiff's claim is barred by the election of remedies doctrine and by collateral estoppel. For the reasons given below, this motion to dismiss is denied.

#### 1. Plaintiff's Claim is Not Barred by Election of Remedies

First, Defendant contends that Plaintiff's EPA claim is barred by the election of remedies doctrine. This is incorrect.

The NYSHRL and NYCHRL do not bar consideration of Plaintiff's federal claims in federal court. Under the election of remedies doctrine of the State and City Human Rights Laws, a suit must be dismissed "if the complainant lodge[d] a complaint with" the relevant State and City agencies. *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011). "This bar applies in federal as well as state court." *Id.* However, while these statutes can bar *state and city* claims in federal court, it is well established that they do not—and cannot—bar federal claims from being brought in federal court. As courts in this District have repeatedly explained, these statutes "do[] not prevent a claimant from bringing a federal claim in federal court," as state laws cannot limit the jurisdiction of federal courts over federal law. *Bishop v. Henry Modell & Co.*, No 08-cv-7541 (NRB), 2019 WL 3762119, *7 n.6 (S.D.N.Y. 2009) (citing *Griffith v. Bank of New York*, 147 F.2d 899, 904 (2d Cir. 1945); *Hunnewell v. Mfrs. Hanover Tr. Co.*, 628 F. Supp. 759, 761 (S.D.N.Y. 1986) (same); *see also Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256, 273 (S.D.N.Y. 2001) (noting that a state law stripping a federal

5

court of jurisdiction over a federal claim would raise "constitutional doubts"). Defendant cites no cases to the contrary, instead pointing only to cases applying election of remedies doctrine to state or city claims. *See McGuirk v. Swiss Re Fin. Servs., Corp.*, No. 14 CIV. 9516 (CM), 2016 WL 10683305, at *8-9 (S.D.N.Y. June 17, 2016), *aff'd*, 699 F. App'x 55 (2d Cir. 2017) (discussing only whether state law claims were barred by election of remedies); *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 190 (S.D.N.Y. 2011) ("election of remedies provisions of the NYSHRL and NYCHRL bar all of the claims [plaintiff] proposes to bring . . . *under those statutes*" (emphasis added)); *Wiercinski v. Mangia 57, Inc.*, No. 09-CV-4413 (ILG), 2010 WL 2681168, at *3 (E.D.N.Y. July 2, 2010) (granting "Defendants' motion to dismiss . . . as to [plaintiff's] claims under New York State or New York City law"). Defendant's argument is therefore unavailing.

### 2. Plaintiff's Claim is Not Barred by Collateral Estoppel

Second, Defendant argues that Plaintiff's EPA claim is collaterally estopped by the Division of Human Rights' no-probable-cause determination. This argument also fails.

As noted, the Division of Human Rights' determination is not included or mentioned in Plaintiff's Complaint. But even assuming Defendant can rely upon the document at this stage of litigation, the determination does not collaterally estop Plaintiff's claim. Collateral estoppel is an affirmative defense, and as such it must be "clear from the face of the complaint" to warrant dismissal on a motion under Rule 12(b)(6). *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86–87 (2d Cir. 2000). A federal court will not grant preclusive effect to a Division of Human Rights no-probable-cause determination that was not appealed to state court if: "[t]he record does not make clear what constituted [the Division's] 'investigation,'" "[t]here is no record of any discovery being conducted, nor is there any record of any interviews of witnesses," "there is no record of

6

any type of hearing or conference being held between the parties," and the plaintiff proceeded *pro se* before the DHR. *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 734-36 (2d Cir. 2001). Here, the Division of Human Rights' determination presented by Defendant does not describe a hearing or discovery, nor does it offer a concrete description of the nature of its investigation. Dkt. No. 24-2, at 2-5. And it is a reasonable inference from Plaintiff's handwritten complaint to the Division that she was not represented by counsel at that time. Dkt. No. 24-1, at 9-10. Finally, Defendant concedes that Plaintiff did not appeal this decision. Dkt. No. 22, at 2. Accordingly, drawing all reasonable inferences in Plaintiff's favor, collateral estoppel is not clear from the face of the Complaint.

For the reasons above, Defendant's motion to dismiss Plaintiff's claims under the EPA is DENIED.

### B. Plaintiff's Age Discrimination Claims are Dismissed

Next, Defendant moves to dismiss Plaintiff's claims for (1) hostile work environment and (2) age discrimination under the ADEA, the NYSHRL, and the NYCHRL. The Court addresses these two types of claims in turn.

#### 1. Hostile Work Environment

First, as to her hostile work environment claims, in the face of Defendant's motion to dismiss, Plaintiff argued that only her NYCHRL claims survive. Accordingly, any hostile work environment claims under the ADEA or the NYSHRL are abandoned. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."). Furthermore, even if these claims were not abandoned, for the reasons given below they would be dismissed for failing to meet even the less demanding

NYCHRL standard.

In order to state a claim for hostile work environment under the NYCHRL, "the alleged hostile conduct need not be severe or pervasive." *Boonmalert v. City of New York*, 721 F. App'x 29, 34 (2d Cir. 2018) (citing *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)). New York courts have instructed that such a claim should be dismissed only if it makes "a 'truly insubstantial case' in which defendant's behavior cannot be said to fall within the broad range of conduct that falls between 'severe and pervasive' on the one hand and a 'petty slight or trivial inconvenience' on the other." *Hernandez v. Kaisman*, 103 A.D.3d 106, 114–15 (2012) (quoting *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 80 (2009)). Nonetheless, a plaintiff "must still allege that [her] age was the motivating factor behind any workplace hostility." *Boonmalert*, 721 F. App'x at 34; *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 596 (S.D.N.Y. 2011) ("Under the NYCHRL, the issue in a hostile work environment claim based on harassment is whether the plaintiff has shown that she was 'treated less well than other employees because of [a protected class]'" (quoting *Williams*, 61 A.D.3d at 78).

Even drawing all reasonable inferences in her favor, Plaintiff has failed to plausibly allege that her age was a motivating factor behind any of the alleged workplace hostility. Even under the NYCHRL, a plaintiff must provide some allegations from which a reasonable inference of improper motivation could be drawn. *Boonmalert*, 721 F. App'x at 34. And this is not a toothless standard; for example, even repeated questioning about retirement is insufficient to plausibly allege discriminatory motivation. *See Boonmalert*, 2017 WL 1378274, at *4, 7. Similarly, failure to allege the ages of other employees who are allegedly being treated more favorably than the plaintiff will undermine an assertion of discriminatory motivation. *See Moore*

*v. Verizon*, No. 13-CV-6467 (RJS), 2016 WL 825001, at *9 (S.D.N.Y. Feb. 5, 2016).

Plaintiff's claim is based on the following allegations: after her return from disability leave on April 23, 2014, she was told that she was behind on her work even though her work was supposed to be covered by other staff during the time; she had been assigned new work during her leave; her supervisor criticized her work; other staff made jokes about the vehicle fire and her lawsuit against The Bridge; she was the only employee denied vacation for not completing her work; she was accused of stealing Metrocards; she was assigned to a desk facing the wall, despite her seniority; her request for a salary increase was denied while less-experienced employees of unspecified ages earned a higher salary than her; and she "believes she was replaced with employees significantly younger than her." Compl. ¶¶ 30-50. Yet nowhere does Plaintiff allege facts from which a reasonable inference could plausibly be drawn that this conduct had anything to do with her age. Plaintiff does not allege the ages of the other employees who were paid more than she. Nor does Plaintiff allege that any comments were made that were in any way related to her age, much less comments that would support a reasonable inference of improper motivation. All Plaintiff offers is a conclusory allegation that she was subjected to the above treatment based on her age, and that is insufficient at this stage. *Iqbal*, 556 U.S. at 678. Accordingly, even drawing all reasonable inferences in her favor, her claim for hostile work environment is dismissed.

### 2. Age-Based Discrimination

Turning now to Plaintiff's age-based discrimination claims, Plaintiff alleges that she was paid less, denied promotions, and demoted based on her age. Different standards apply to Plaintiff's age discrimination claims under the ADEA and the NYSHRL on the one hand, and the NYCHRL on the other. Once again, since even drawing all reasonable inferences in her favor

Plaintiff fails to state a claim under the more forgiving NYCHRL standard, she has also failed to state claims under the ADEA and the NYSHRL.

"To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive." *Boonmalert*, 2017 WL 1378274, at *5. The intent requirement is lenient, as under the NYCHRL, "a plaintiff need allege only that discrimination was a motivating factor for the adverse employment action." *Keles v. Yearwood*, 254 F. Supp. 3d 466, 473 (E.D.N.Y. 2017) (citing *Twomey v. Quad/Graphics, Inc.*, 2015 WL 5698002, at *8 (S.D.N.Y. Sept. 28, 2015)). However, a plaintiff must still "plausibly allege that the [defendants] acted with discriminatory motive" or allege facts that "permit an inference that younger similarly situated individuals received preferential treatment." *Boonmalert*, 2017 WL 1378274, at *5; *see also Moore*, 2016 WL 825001, at *8 (plaintiff must still "allege facts giving rise to an inference of discrimination based on age to prevail") (citing *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)).

Even drawing all reasonable inferences in her favor, Plaintiff has failed to plausibly allege facts that would give rise to an inference that Plaintiff's age was a motivating factor for any differential treatment. Plaintiff's claims center on allegations that she was paid less than two less-experienced co-workers, Rascover and Albright, and that her co-worker Luann was given the position of social worker that had been denied to Plaintiff, despite their having the same qualifications. But nowhere does she allege that these three employees were younger than her. *See Moore*, 2016 WL 825001, at *9 (dismissing NYCHRL age-discrimination claim in part because complaint did not allege that comparator employees were younger than 40); *see also Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 316 (S.D.N.Y. 2015) (dismissing ADEA and NYSHRL claims in part for failure to allege age of allegedly similarly-

situated employees and "whether Defendant knew [their] ages"); *Maysonet v. Citi Grp., Inc.*, No. 10-cv-4616 (SAS), 2011 WL 476610, at *5 (S.D.N.Y. Feb. 9, 2011) (dismissing ADEA claim partly based on failure to allege that plaintiff was "replaced . . . with someone significantly younger"). Without any allegations about Rascover, Albright, and Luann's ages, the fact that they were treated more favorably than Plaintiff offers no support to Plaintiff's assertion of discriminatory motivation.

None of Plaintiff's other allegations compensate for this inadequacy. Even drawing all reasonable inferences in Plaintiff's favor, her general allegations that The Bridge hires many individuals in their mid-twenties to early thirties does not plausibly suggest that any of these individuals were similarly situated to her. *See Boonmalert*, 2017 WL 1378274, at *5; *see also Maysonet*, 2011 WL 476610, at *5 ("Even construed liberally, the fact that [defendant] hires many employees in their twenties does not give rise to an inference that Citi discriminated against [plaintiff] based on her age."). Nor are Plaintiff's allegations on belief that some of these unspecified younger employees went on to receive promotions sufficient since, again, she has not alleged any facts making it plausible that these employees were similarly situated. *See Boonmalert*, 2017 WL 1378274, at *5; *see also Ndremizara*, 93 F. Supp. 3d at 315-16 (allegations that unspecified employees were hired to replace plaintiff are insufficient to give rise to an inference of discrimination) (citing cases). Accordingly, even drawing all available inferences in her favor, Plaintiff has failed to sufficiently allege circumstances giving rise to an inference that her age was a motivating factor in any of the alleged differential treatment.

Accordingly, Plaintiff's age discrimination claims are DISMISSED.

### C.     Plaintiff's FMLA Claims are Dismissed

Finally, Plaintiff raises two claims under the FMLA. Plaintiff alleges that (1) her 2016

11

request for FMLA leave was unlawfully denied on December 14, 2016, Compl. ¶ 66, and (2) that she was then wrongfully terminated in retaliation for her attempt to exercise her rights under the FMLA, *id.* ¶ 141. For the reasons given below, both of Plaintiff's FMLA claims are dismissed.

First, Plaintiff has not plausibly alleged that the was denied FMLA leave to which she was entitled. Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for . . . a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). In addition, "collective bargaining agreements or employee benefits policies may provide for other, non-FMLA leave that the employee could take instead of, in addition to, or concurrently with FMLA leave." *Donnellan v. New York City Transit Auth.*, No. 98-cv-1096 (BSJ), 1999 WL 527901, at *2–3 (S.D.N.Y. July 22, 1999) (citing 29 U.S.C. § 2652(a)). Plaintiff alleges that she requested FMLA leave at some time in 2016, "went out on non-FMLA leave" in April of 2016, and that she received a letter in December of that year informing her that her request for FMLA leave had been denied. Compl. ¶ 60.

Yet Plaintiff does not allege that she had any FMLA leave remaining at the time she requested it. Nor does Plaintiff allege facts from which it could *plausibly* be inferred that she was entitled to FMLA leave. Plaintiff alleges that she took many months of leave during the relevant time period, but does not explain how much, if any, of this leave was covered by the FMLA. Nor does she explain the nature of what she characterizes as her non-FMLA leave or how much of such leave she was entitled to take. As such, it is possible that Plaintiff had not taken her twelve weeks of FLMA leave when it was denied to her, but she does not "nudge[] [her] claim[] across the line from conceivable to plausible," and accordingly her "complaint must

be dismissed." *Twombly*, 550 U.S. at 570.[1]

Second, even drawing all reasonable inferences in Plaintiff's favor, her FMLA discrimination/retaliation claim also fails. The FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2). Additionally, regulations implementing the FMLA prohibit an employer from "discriminating or retaliating against an employee ... for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c). Plaintiff alleges that she was fired because she "attempted to exercise her right to take FMLA leave." Compl. ¶ 141. Again, however, because Plaintiff has not alleged when she attempted to take FMLA leave, how much of it she took, or whether at the time of her termination she was still eligible for FMLA leave, she has failed to allege sufficient facts to make it plausible that she was fired for attempting to exercise her rights under the FMLA.

## IV. CONCLUSION

For the reasons given above, Defendant's motion is GRANTED in part and DENIED in part. Plaintiff's age-discrimination claims under federal, state, and local law are DISMISSED, as well as Plaintiff's claims under the FMLA. As Plaintiff has now had several opportunities to amend in the face of motions to dismiss and because she does not request the opportunity to further amend her complaint, these dismissals are with prejudice. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("no court can be said to have erred in failing to grant a request that

---

[1] Defendants also point to the December 14, 2016 letter denying Plaintiff's FMLA request, which is incorporated by reference. Dkt. No. 24-4, at 1. This letter states that Plaintiff had taken all of the leave that she was entitled to under the relevant collective bargaining agreement as of September 2016 and subsequently used up all of her FMLA leave. *Id.* However, while the Court can consider the December letter for the statements it contains, on a motion under 12(b)(6), the Court will not consider it for the truth of the matters asserted. *Empire City Capital Corp. v. Citibank, N.A.*, No. 10-CV-2601 KMK, 2011 WL 4484453, at *1 (S.D.N.Y. Sept. 28, 2011) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). Accordingly, the truth of the contents of this letter play no role in this Court's decision.

13

was not made"). Defendant's motion to dismiss the EPA claim is DENIED. This resolves docket entry 22.

The Court will schedule a status conference by separate order.

SO ORDERED.

Dated: September 30, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge